SHULL v. TEXARKANA.

Opinion delivered February 6, 1928.

MUNICIPAL CORPORATIONS—ISSUANCE OF BONDS—VALIDITY OF ELECTION.
—In a suit by a property owner to restrain proceedings for the issuance of bonds for erection of a municipal building and the election of taxes therefor, *held* that the election to vote bonds for erecting, equipping and furnishing a municipal building was for a single purpose and the bonds were valid, though the municipal building was to contain an auditorium, a fire station, city hall, courtroom, council chambers, offices for city officials and vaults for records.

Appeal from Miller Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

STATEMENT OF FACTS.

Hubert Shull, a resident and property owner of the city of Texarkana, Arkansas, brought this suit in equity against the city of Texarkana and David Elkins, county clerk of Miller County, Arkansas, to restrain them from proceeding further in issuing bonds for the purpose of erecting a municipal building and in levying a tax to pay bonds pursuant to the provisions of an amendment to our Constitution relating to municipal improvement bonds, purporting to amend § 1, article 16, of the Constitution. Pursuant to the provisions of said amendment the city

council of Texarkana, Arkansas, passed an ordinance for the issuing of bonds for three separate purposes: (a) $300,000 for a municipal building; (b) $10,000 for fire apparatus; (c) $7,000 for street cleaning equipment.

All of the propositions carried at the election. On the proposition of the issuance of bonds in the sum of $300,000 for a municipal building, 709 votes were cast in the affirmative and 502 votes were cast against the proposition.

Section 5 of the ordinance relates to the issuance of bonds for a municipal building, and reads as follows:

"Section 5. The purposes for which such bonds shall be issued are as follows: (a) Three hundred thousand dollars of said bonds shall be issued, and the proceeds shall be used, for the erecting, equipping and furnishing of a municipal building, which shall contain a public auditorium with a maximum seating capacity of fifteen hundred persons; a fire station with not more than three apparatus exits, together with proper quarters to house the central station of the fire alarm system, and proper dormitories for the firemen needed for such station; a city jail equipped with steel cells, and an office for the police force; a chamber for the municipal court and city council; and offices and vaults for the city officials and records. Said building shall be erected on the lots now owned by this city at Third and Walnut Streets, being lots................. The building shall be fireproof throughout; the floors shall be of cement and tile and marble, and it shall be equipped with steam and hot water heat throughout. The frame of the building shall be of concrete and steel and the exterior shall be of brick, terra cotta, stone and algonite."

The court sustained a demurrer to the complaint, and, the plaintiff refusing to plead further, his complaint was dismissed for want of equity. The case is here on appeal.

*G. G. Pope,* for appellant.

*B. E. Carter,* for appellee.

HART, C. J., (after stating the facts). At the general election held in this State on October 5, 1926, an initiative petition to enable cities of the first and second classes to issue bonds in certain cases was adopted. The amendment may be found in the Acts of 1927, page 1210, and in Castle's Supplement to Crawford & Moses' Digest of the Statutes of Arkansas, page 22. The bonds involved in this suit were issued under the proviso to § 1 of the amendment, which reads as follows:

"Provided, that cities of the first and second class may issue, by and with the consent of a majority of the qualified electors of said municipality voting on the question at an election held for the purpose, bonds in the sum and for the purposes approved by such majority at such election, as follows:

"For the payment of any indebtedness existing at the time of the adoption of this amendment; for the purchase of rights-of-way for construction of public streets, alleys and boulevards within the corporate limits of such municipality; for the construction of, widening or straightening of streets, alleys and boulevards within the corporate limits of such municipality; for the purchase, development and improvement of public parks and flying fields located either within or without the corporate limits of such municipality; for the construction of sewers and comfort stations; for the purchase of fire-fighting apparatus and fire-alarm systems; for the purchase of street-cleaning apparatus; for the purchase of sites, for construction of and equipment of city halls, auditoriums, prisons, libraries, hospitals, public abattoirs, incinerators or garbage disposal plants; for buildings for the housing of fire-fighting apparatus; for the construction of viaducts and bridges; and for the purpose of purchasing, extending, improving, enlarging, building, or construction of waterworks or light plants, and distributing systems therefor."

Another section of the amendment which is pertinent to the issues raised by the appeal reads as follows:

"Said election shall be held at such times as the city council may designate by ordinance, which ordinance shall specifically state the purpose for which the bonds are to be issued, and, if for more than one purpose, provision shall be made in said ordinance for balloting on each separate purpose; which ordinance shall state the sum total of the issue, the dates of maturity thereof, and shall fix the date of election so that it shall not occur earlier than thirty days after the passage of said ordinance. Said election shall be held and conducted and the vote thereof canvassed and the result thereof declared under the law and in the manner now or hereafter provided for municipal elections, so far as the same may be applicable, except as herein otherwise provided. Notice of said election shall be given by the mayor by advertisement weekly, for at least four times, in some newspaper published in said municipality and having a *bona fide* circulation therein, the last publication to be not less than 10 days prior to the date of said election."

It will be noted that the amendment provides that the ordinance shall specifically state the purpose for which the bonds are to be issued, and, if for more than one purpose, provision shall be made in said ordinance to ballot on each separate purpose. The ordinance specifies a bond issue of $300,000 for the erecting, equipping and furnishing a municipal building, which shall contain a public auditorium, a fire station, a city hall, a chamber for the municipal court and city council, and offices and vaults for the city officials and records. The ordinance further provides that the building shall be erected at Third and Walnut Streets, on lots owned by the city.

It is earnestly insisted by counsel for the plaintiff that the decree must be reversed because a municipal building containing an auditorium, city jail, a chamber for municipal court and city council, and offices and vaults for city officials and records, constitutes more than one purpose, and that the election was void because, under the terms of the amendment, provision must be made in the ordinance for balloting on each separate purpose.

The design of this provision is to prevent improper measures, which may result from combining a good purpose with a worthless one, where the two subjects have no proper relation to each other, and, if the two are submitted together, the voter cannot vote for one and against the other. Hence the framers of the amendment intended to prevent the joining of one subject to another of a different kind so that each should gather votes for both.

. Careful consideration of the subjects mentioned in the ordinance, however, leads us to the conclusion that they were all different parts of a single plan, and, as combined, were so related as to constitute a single purpose. A municipal building was to be erected on lots belonging to the city. The ordinance provided that the building should contain a public auditorium, a fire station, a chamber for the municipal court and city council, a city jail, with an office for the police force, and offices and vaults for the city officials and records. All these matters related to the proper equipment of a city hall for the purpose of administering the city government.

Under the provisions of the constitutional amendment, the majority of the qualified electors might vote for the construction and equipment of city halls, auditoriums, etc. A fire station, a city jail, a chamber for the municipal court and city council, and offices and vaults for the city officials and records, are all manifestly parts of a city hall and are necessary to its proper equipment for municipal administrative purposes. While it cannot be said that a public auditorium is an absolute necessity to the proper administration of the city government, it is useful and necessary, so that the inhabitants of the city may have a place to meet and discuss their municipal affairs. Before voting on the issuance of the bonds for any purpose, the inhabitants would have been likely to congregate together for the purpose of discussing the advisability or feasibility of issuing bonds for the contemplated purpose. The object of erecting a municipal

building, as we have already seen, is to accomplish a single purpose, and that is to properly administer the city government. All the subjects embraced in the ordinance are proper parts of the proposition to accomplish that purpose, and are so related and connected with each other as to constitute one purpose within the meaning of the amendment to the Constitution in question.

It follows that the decree will be affirmed.