RHODES *v.* CITY OF STUTTGART.

4-4382

Opinion delivered June 8, 1936.

*W. A. Leach,* for appellants.

*Joseph Morrison* and *M. F. Elms,* for appellees.

HUMPHREYS, J.  This is a suit to enjoin the city of Stuttgart from issuing bonds in the sum of $75,000 for the purpose of constructing, widening, straightening, and paving streets, alleys and boulevards within said city, and to restrain the collection of a tax levied to pay same. It was estimated that this could be done at a cost of about $160,000, which amount could be raised through a bond issue of $75,000, bearing interest at the rate of 4 per cent. per annum, and a direct gift of $61,000 from the PWA.

Amendment No. 13 to our Constitution authorizes cities of the first and second class to issue bonds to make such improvements if approved by a majority of the electors of said city voting on the question in an election duly called for that purpose.

Pursuant to authority conferred upon said cities, the City Council of Stuttgart enacted ordinance No. 339 on July 5, 1935, providing for a bond issue of $75,000 for such purpose, and fixing a date for the election. The election was held on August 12, 1935, and the proposal was defeated. The city thereafter, on September 6, 1935, enacted ordinance No. 343, providing for the second election to be held on October 17, 1935, to the end that a bond issue of $75,000 for such purpose might be approved or rejected, which election resulted in the approval of the bond issue by a large majority of the electors voting on the question. The City Council of Stuttgart then unanimously adopted a resolution levying, in the year 1935, a tax of 3¼ mills upon the assessed values of the properties in the corporate limits of the city, which tax was extended, and is now being collected.

The gist of the complaint filed by appellant seeking to enjoin the issue of the bonds and collection of the tax is as follows:

"1. The second election on the same proposal was unauthorized and illegal.

"2. The bond and interest maturities require the levy of an annual tax in excess of the rate permitted by the Constitution.

"3. Seven different projects are included in the ordinance, and were submitted to the voters, but were not submitted in such a manner that each could be voted on as the Constitution requires."

The answer filed by appellees denied the allegations of the complaint.

Upon a final hearing of the cause, the court dismissed the complaint for want of equity, from which is this appeal.

The first question arising on this appeal is whether the City Council of Stuttgart was precluded from enacting the second ordinance submitting the proposal of the

bond issue for the purposes therein stated which were submitted by the first ordinance and defeated in the first election.

It is argued by appellants that Amendment No. 13 to our Constitution authorized only one submission of the question of the issue of bonds for any particular improvement to the qualified electors of the municipality. The language of the Amendment is as follows: "Provided, that cities of the first and second class, may issue by and with the consent of a majority of the qualified electors of said municipality voting on the question at an election held for the purpose, bonds in sums and for the purposes approved by such majority at such election, etc."

There is nothing in the language of the Amendment prohibiting a second election. This court said in the case of *Hargraves* v. *Solomon,* 178 Ark. 11, 9 S. W. (2d) 797, that: "What we have said in this opinion should not be construed to prevent the common council of the city of Helena from passing an ordinance to hold another election for the purpose of issuing bonds for a city hospital, if said council should deem such course to be wise and expedient. The fact that the first issue has been declared illegal in no sense exhausts the power of the city council to commence a new proceeding in accordance with the provisions of the amendment to the Constitution in question."

This announcement finds support in the following cases: *Supervisors* v. *Galbraith,* 99 U. S. 214, 25 L. ed. 410; *Society for Savings* v. *New London,* 29 Conn. 174; *Smith* v. *Clark.County,* 54 Mo. 58; *Woodward* v. *Calhoun Co.,* Fed. Cas. No. 18002, 2 Cent. L. J. 397; see, also, 19 R. C. L. 998.

The next question arising on the appeal is whether the City Council exceeded its constitutional authority in levying $3\frac{1}{4}$ mills for the year, 1935, upon the assessed values of the properties in the corporate limits for the purpose of paying interest on the bonds. According to the agreed statement of facts, only one and three-fourths mills had theretofore been levied for improvements under Amendment No. 13, so according to § 4, art. 12, of

the Constitution, this left a margin of 3¼ mills which might be levied to care for the bonds in question. Section 4, art. 12, of the Constitution provides that: "No municipal corporation shall be authorized to pass any law contrary to the general laws of the State; nor levy any tax on real or personal property to a greater extent, in one year, than five mills on the dollar of the assessed value of the same. Provided, that, to pay indebtedness existing at the time of the adoption of this Constitution, an additional tax of not more than five mills on the dollar may be levied."

The city council, therefore, did not exceed its authority in making the levy of 3¼ mills for the purposes specified in the ordinance.

It is argued by appellants that the levy of 3¼ mills will not be sufficient, if continued from year to year, to pay the interest and the bond maturities. According to the agreed statement of facts, the assessed value of the property in the city of Stuttgart is $2,138,792, and also that one and three-fourths mills levied theretofore under Amendment No. 13 to make other improvements will not be needed after three years for such purposes. In view of this fact, a levy can be made from year to year which will be more than sufficient to pay the interest on the bonds and to pay the bonds as they mature.

Again, it is argued by appellants that the levy which was made by the quorum court was not made on a day provided by law, and that it does not appear in the proceedings of the levying court that the names of the justices voting for or against the levy was entered. This was immaterial, as the levying court has no power under the Constitution to levy municipal taxes. Under § 4 of art. 12 of the Constitution, such power is conferred exclusively on the city councils. The resolution adopted by the city council immediately after the bond issue was approved by vote made the levy, and the county clerk extended it on the tax books, and same is being collected.

The next and last question arising on this appeal is whether the ordinance is violative of Amendment No. 13 in failing to set out specifically what amount of the bonds should be used for construction, what amount for

widening, what amount for straightening, and what amount for paving. It is true Amendment No. 13 requires that an ordinance providing for an election on a proposal to issue bonds "shall specifically state the purpose for which the bonds are to be issued, and if for more than one purpose, provision shall be made in said ordinance for balloting on each separate purpose, etc." The ordinance provided that the bonds were to be issued and sold for the sole purpose of the construction, widening, straightening and paving the streets, alleys, and boulevards within the corporate limits of the city of Stuttgart. The general purpose expressed in the ordinance is to improve the streets, boulevards, and alleys in the city by constructing, widening, straightening, and paving them. The manner and method by which the improvements were to be made were incident and germane to the general purpose and cannot be said to be separate and independent purposes. Not being separate and independent purposes, it was not necessary to the validity of the ordinance to specify therein the amount of the bonds to be used on each kind of work in making the general improvements. *Atkinson* v. *Pine Bluff,* 190 Ark. 65, 76 S. W. (2d) 982.

No error appearing, the decree is affirmed.