Todd *v.* McCloy.

4-5360                                               120 S. W. 2d 160.

Opinion delivered October 10, 1938.

*C. T. Sims,* for appellant.

*Williamson & Williamson,* for appellees.

Griffin Smith, C. J. The city of Monticello would issue bonds to defray expenses of certain projects, two of which are matters of concern in this appeal.

First, it is proposed to construct a stadium upon land owned by the city, but lying without the corporate limits. Such land adjoins a city-owned park. Part of the park lies within and part without the corporation.

Second, is the city permitted to obligate itself, through bonds, for the construction of . . . "suitable ornamental standards and electric lighting equipment to provide modern 'white way' electric illumination" . . . for designated streets?

The city proposes to procure grants from the Federal government with which to pay part of the cost of the undertakings. It is admitted that the municipal authorities, unless restrained, will hold an election, and that public money will be expended therefor.

Appellant is a resident, citizen, and qualified elector of Monticello. In his suit he names as defendants the mayor, recorder, and councilmen of Monticello, and the election commissioners of Drew county.

Amendment No. 13 to the Constitution of Arkansas permits cities of the first and second class to issue bonds

"in sums and for the purposes [approved by a majority of the voters] at such election . . . for the purchase, development and improvement of public parks and flying fields located either within or without the corporate limits of such municipality, . . . and for the purpose of purchasing, extending, improving, enlarging, building, or construction of water works or light plants, and distributing systems thereof."

The chancellor found that the proposed expenditures were not beyond the purview of the amendment. We think he was correct.

The term "for the development and improvement of public parks" is broad enough to include a stadium where visitors in the park may seat themselves to witness ball games or other forms of athletic entertainment incident to community life. Such a stadium would be an "improvement" within the meaning of the amendment in question. Nor is validity of the objective impaired because of location of the property. The improvement may be "either within or without" the corporation's territorial area.

The electric light plant at Monticello is municipally owned. It has been leased, and the generating machinery is not in use. Current is supplied to the distributing system from outside sources. But this is immaterial.

In *Fisher Electric Company* v. *Bath Iron Works,* 116 Mich. 293, 74 N. W. 493, the court quoted with approval the following definition: "An 'electric plant' includes the steam engines or other prime motors, the generating dynamo or dynamos, the lamps and other electro-receptive devices, and the circuit connected therewith."

In Corpus Juris (44, p. 504, § 2843) it is said: "It has been held that poles, wires, posts, lamps, or other fixtures of electric systems and lights themselves constitute a local improvement for which special assessments may be levied under proper statutory authority."

Section 9639 of Pope's Digest confers upon municipalities the power . . . "to provide for or construct or acquire works for lighting the streets, alleys, parks, and other public places by gas, electricity, or otherwise." The section is a part of act 101 of 1923, approved three

years before Amendment No. 13 was adopted. The act declares a public policy.

The amendment expressly authorizes bonds to be issued for "extending, improving, enlarging, [or] building . . . light plants and distributing systems thereof."

The so-called "white way" for Monticello is a form of street lighting, and it must necessarily be connected with the distributing system. When so connected it will be an enlargement and an extension, and therefore an improvement.

Formerly the streets of towns and cities were illuminated from arc lights, but their use was discontinued when incandescent methods were perfected. Can it be said that Amendment No. 13 is too narrow to permit a city to issue bonds for the cost of a change from arc-lighting to a "white way" system? Obviously, such argument would not be tenable. No such mechanical or scientific evolution is involved in the instant case, but the analogy is clear.

The decree is affirmed.