EAST *v.* CITY OF CAMDEN.

4-6274                                                   145 S. W. 2d 721

Opinion delivered December 9, 1940.

*W. M. Powell*, for appellant.

*Robert Purifoy* and *J. E. Gaughan*, for appellee.

McHANEY, J.  Appellant is a resident, qualified elector and property owner of the City of Camden, a city of the first class.  Appellees, other than the city, are its mayor and aldermen.  On September 5, 1940, the city council adopted an ordinance submitting to the voters of the city three separate and distinct proposed improvements to be constructed and for the issuance of bonds under Amendment No. 13 to the constitution to pay the cost of such improvements, as follows:  (1) $8,000 for the construction, widening and straightening of streets and alleys in the city; (2) $7,000 for the construction of sewers and comfort stations; and (3) "$30,000 for the purchase, development and improvement of a public park and flying field located either within or without the corporate limits of the city."

Pursuant to said ordinance an election was held on October 8, 1940, at which a majority of the electors voting therein voted in favor of each of the propositions and for bond issues in the amounts stated.

Appellant brought this action to enjoin the appellees from issuing bonds for the 3rd proposition, that is for the public park and flying field, on the ground that said ordinance and the vote thereon, authorizing the purchase, development and improvement of a public park and flying field is void and unauthorized by said amendment No. 13 to the constitution, because said ordinance and vote "includes two separate and distinct projects for which the bonds are authorized to be sold, namely, the purchase, development and improvement of a public park and the purchase, development and improvement of a flying field."  In other words, it is alleged that a public park is a separate and distinct project, having no relationship to a flying field, and that, under said Amendment, the two could not be combined and voted on with a single bond issue.  It was further alleged that appellees planned to acquire a tract of land of approximately 400 acres, about two and one-half miles outside the corporate limits of

the city, on which they proposed to develop and improve a flying field and to locate, install and maintain recreational facilities for the people of the city in the nature of a public park. To a complaint alleging these and other related facts, a demurrer was interposed, sustained, and, upon appellant's election to stand on his complaint, it was dismissed, and this appeal followed.

Amendment No. 13 provides that cities of the first and second class, by and with the consent of a majority of the qualified electors of the municipality voting on the question at an election held for the purpose, may "issue bonds in sums and for the purposes approved by such majority at such election as follows: . . .; for the purchase, development and improvement of public parks and flying fields located either within or without the corporate limits of such municipality; . . ." Another provision in said amendment, which is quite lengthy with numerous provisions, is: "Said election shall be held at such times as the city council may designate by ordinance, which ordinance shall specifically state the purpose for which the bonds are to be issued, and if for more than one purpose, provisions shall be made in said ordinance for balloting on each separate purpose; . . ." This sentence or clause in the amendment furnishes the basis for this lawsuit.

We think the trial court correctly sustained the demurrer and dismissed the complaint, as it cannot be said, as a matter of law, that the two subjects mentioned in the ordinance are separate and distinct, without relation, each to the other, but, on the contrary are separate "parts of a single plan, and, as combined, were so related as to constitute a single purpose." The quoted language is taken from *Shull* v. *Texarkana,* 176 Ark. 162, 2 S. W. 2d 18, where the ordinance provided "that the building to be erected should contain an auditorium, a fire station, a chamber for the municipal court and city council, a jail, with offices for the police and city officers," and it was held all were parts of a single plan or purpose. We have had the same or similar questions presented in a number of cases arising under this amendment. See *Atkinson* v. *Pine Bluff,* 190 Ark. 65, 76 S. W. 2d 982; *Rhodes* v. *City of Stuttgart,* 192 Ark. 822,

95 S. W. 2d 101; *Railey* v. *City of Magnolia,* 197 Ark. 1047; 126 S. W. 2d 273; *Todd* v. *McCloy,* 196 Ark. 832, 120 S. W. 2d 160. These cases illustrate the way the same question has arisen under other provisions of the amendment.

In view of the fact that these improvements are to be located upon the same tract of ground and are both intended for the betterment of the general welfare of the city, it cannot be said, contrary to the implied finding in the ordinance, that they are so wholly unrelated as to form separate and distinct improvements. Another matter that lends strength to this view is the grouping of the two within the same punctuation in the amendment and the connection of the two by the framers with the conjunction "and." It would appear reasonable and logical also that the location of a flying field adjacent to a public park would render the latter very much more interesting and attractive to the general public than if widely separated. The hazards incident to the taking off and landing of planes are unsubstantial and are more than offset by the public interest.

The decree is correct, and it is affirmed.