## CROW v. DAY et al.

### No. 13395.

Court of Civil Appeals of Texas. Fort Worth.

June 19, 1936.

Fred J. Dudley, of Dallas, for appellant.
Geo. W. Polk, of Fort Worth, for appellees.

BROWN, Justice.

Appellant L. C. Crow, alleging that he is and was a real estate broker, brought suit in the district court of Wise county against appellees for a commission on the sale of certain lands.

The original petition was filed August 8, 1933, at which time Dr. Henry Trigg, one of the appellees, was joined as a defendant with his wife, pro forma.

An amended petition was filed May 1, 1934, at which time the said appellee was sued again as a defendant and was joined, pro forma, with his wife.

On June 10, 1935, the second amended petition was filed by appellant, and for the first time appellee Dr. Henry Trigg was named a party defendant without being sued pro forma. in connection with the suit against his wife.

On June 24, 1935, appellant filed his third amended petition, being the one on which he went to trial.

Because of the manner in which this case has been pleaded, we feel that we should somewhat digest the various pleadings filed by appellant, as plaintiff below, in order to ascertain the character of suit that appellant has brought and is bringing. We do not believe that the purpose of his pleading should be enlarged if its intent and purpose can be ascertained from the various pleadings filed.

In the original petition, appellees Dr. Henry Trigg and Joe F. Day are alleged to be the agents of Mrs. Henry Trigg and Mrs. Margaret T. Day, and judgment is asked, jointly and severally, against all the defendants for the commission.

In the first amended petition, the allegations are made that appellees Dr. Henry Trigg and Joe F. Day acted in their own behalf and as agents of the other defendants, and judgment is prayed for, jointly and severally, against all defendants.

In the second amended petition, appellant alleged that Dr. Henry Trigg and Joe F. Day were acting in and on behalf and as the agents and trustees, under the will of J. T. Day, of the other defendants named, and a joint and several judgment is prayed for.

We deem it advisable now to give the substance of the third amended petition on which trial was had.

Appellant, as a real estate broker, brought suit against Mrs. Henry Trigg, her husband, Dr. Henry Trigg, Mrs. Margaret T. Day, and Joe F. Day, and alleged, as he did in all of his pleadings, that these defendants were all the heirs at law of J. T. Day, deceased, and were at all times interested in the property owned by J. T. Day as such heirs under a will executed by the deceased. He alleged that in March, 1932, he called on Dr. Henry Trigg with reference to the sale of certain lands owned by J. T. Day, and that Dr. Trigg advised him that these lands were for sale, and advised him that a tract of land belonging to J. T. Day, containing approximately 700 acres, adjoined a tract of 1,090 acres which had been sold to one. H. H. Hardin by J. T. Day, Hardin having assumed an indebtedness of approximately $40,000 on the two tracts, and that Hardin had defaulted and that as a result both tracts were about to be foreclosed on, and the Days were about to lose the property and wanted to find a purchaser for both tracts, or a part thereof, naming the price of $50 per acre. That afterwards appellant and his agent, one J. F. Lillard, talked to defendant Joe F. Day, son of J. T. Day, and said Joe F. Day advised appellant and appellant's agent that they were interested in the sale and wanted the land sold and to obtain a purchaser if possible. That on the request of Dr. Trigg and Joe F. Day, appellant procured a prospective purchaser, to wit, one W. M. Waterman, and showed him the premises, but said prospect was not interested in the price made, and that appellant and his agent went to Dr. Trigg and Joe F. Day and explained the situation and were advised to continue their efforts to make a sale, and that they so continued their efforts; that on or about October 12, 1932, J. T. Day died, leaving surviving him the defendants Joe F. Day, a son, Mrs. Henry Trigg, a daughter, Dr. Henry Trigg, son-in-law, and his widow, Mrs. Margaret T. Day. That deceased left a will, which was probated on or about November 20, 1932, which provided, in part, that the property of the deceased should pass to the defendant Mrs. Margaret Tilly Day during her lifetime, and at her death to pass to his children, Joe F. Day and Nellie Day Trigg, share and share alike, and that by the terms of the will Joe F. Day and Henry B. Trigg were appointed independent executors and made trustees of said estate, with full power and authority to sell, lease, mortgage, and dispose of all said estate.

Appellant then alleged that by reason of the foregoing facts the property described in the pleadings and all right, title, interest, and estate of J. T. Day, including his interest in the H. H. Hardin tract, vested in his devisees; that about August 1, 1932, defendant Dr. Henry Trigg called appellant on the telephone and quoted a

price of $35 per acre on the lands and asked appellant to get in touch with his prospect, Waterman, and attempt to make a sale; that this was done, and that Waterman seemed interested. He further alleged that about November 20, 1932, after J. T. Day's death and after his will had been probated, he, appellant, called on defendant Dr. Henry Trigg to discuss the sale of the land, and particularly to find out what steps had been taken with reference to the Hardin tract, and was advised by said defendant that the title to the Hardin tract could be cleared up, and for appellant to continue his efforts to sell the land to his prospect, and agreed to pay appellant a commission of 5 per cent. on the sale.

For a better understanding of the situation, it appears that during J. T. Day's lifetime he sold the 1,090-acre tract to H. H. Hardin, as pointed out above, and that Hardin had not lived up to his contract in so far as paying the purchase money agreed upon and in paying the indebtedness against the property was concerned.

Appellant then alleges that he got in touch with his prospect and he and his agent on numerous occasions during the months of December, 1932, January and February, 1933, interviewed the said prospect, and that on or about March 1, 1933, appellant's said agent, Lillard, again talked to his prospect, Waterman, with reference to the purchase of the Hardin and other tracts described and was then advised that Waterman had closed a deal for the Hardin tract direct with Dr. Henry Trigg and Joe F. Day; that appellant then went to see Dr. Trigg and demanded his 5 per cent. commission, and was told by such defendant that he would have to see Joe F. Day, whereupon appellant and his agent interviewed Joe F. Day and requested payment of the broker's commission, but the said defendant Day refused to pay same. He alleged that he was the procuring and efficient means of the sale of the Hardin tract to Waterman and the same was sold for $38,150, and that he was entitled to the sum of $1,907.50, being the 5 per cent. commission agreed upon.

He alleged that after the death of J. T. Day and on or about November 20, 1932, "Dr. Henry Trigg, individually and as the agent and trustee under the will of J. T. Day, deceased, of his wife Margaret T. Day and for his wife Nellie Day Trigg—Mrs. Henry Trigg—requested plaintiff as did the defendant Joe F. Day to continue his efforts to sell said lands to the said Waterman, and thereby ratified and affirmed and continued in force and effect by reason of such action, the agreement existing prior to the death of the said J. T. Day and by reason thereof the said defendants became liable jointly and severally to plaintiff for said commission."

He then makes allegations on his implied contract and seeks to recover thereon in the alternative, and also on a quantum meruit basis.

He alleged that Dr. Henry Trigg and Joe F. Day in requesting him to continue his efforts to sell the tracts of land to Waterman were doing so in their own behalf and as the agents and trustees, under the will, of the other defendants named; and alleged further that all of the defendants knew he was endeavoring to sell the land to Waterman, and that they accepted his labor and received the benefit of his efforts, in that there was saved for the estate of J. T. Day a large tract of land that otherwise would have been lost, namely, the land covered by the mortgage of $40,000, which consists of the Hardin tract and the Day land of about 700 acres adjoining same. He then alleged: "Plaintiff further shows to the court that the defendants and each of them ratified and affirmed and continued as a new agreement and employment, the employment of plaintiff as a real estate agent and broker herein, in that they did after the death of the said J. T. Day, solicit the assistance of plaintiff in the sale aforesaid with plaintiff's prospect, Waterman, and that plaintiff as a result of such solicitation continued his negotiations as a real estate agent and broker with the said Waterman in behalf of the said Dr. Henry Trigg and Joe F. Day and that in accepting the benefits of such services, resulting in a sale to the said Waterman, who was produced by plaintiff, and except for such fact would not have been known to the defendants, they by accepting the benefits thereof have ratified and affirmed the original agreement and are now estopped to deny that plaintiff was not acting as their agent and broker in said matter."

He closes the pleading with a prayer for judgment for his debt and damage, jointly and severally, against the defendants.

Many exceptions and demurrers were urged against appellant's pleading, but we find no order in the transcript showing what action was taken thereon.

Appellee Dr. Henry Trigg pleaded the two years' statute of limitation (Vernon's Ann.Civ.St. art. 5526) in so far as appellant seeks a personal judgment against him.

In answering to the merits, appellees denied the allegations with reference to the Hardin tract, and alleged that J. T. Day did not own the Hardin tract at any of the times mentioned in appellant's pleading; that none of the defendants had any authority to make a price on the Hardin tract, and that this was well known to appellant, and that in fact appellant was endeavoring to have the defendant Dr. Henry Trigg assist him in securing from the owner Hardin and the receiver of the Hardin estate (Hardin's estate being then in the hands of a receiver) a price on the Hardin tract. They denied any agency on the part of appellant for J. T. Day in respect to the sale of the Hardin tract, and alleged that if any such agency ever at any time existed, same was revoked by the death of J. T. Day on October 12, 1932. They denied the agency of Dr. Henry Trigg and Joe F. Day, and alleged that no part of the J. T. Day estate had ever been sold by appellant. They alleged that subsequent to the death of J. T. Day and after appellant had ceased to negotiate with the prospect, Waterman, Joe F. Day undertook and did interest Waterman in the purchase of the Hardin tract, and that Waterman and Mrs. Margaret T. Day entered into a contract for the purchase and sale of said tract, the contract being dated January 4, 1933, which contract was a conditional contract and provided that the sale and purchase would be made if Mrs. Margaret T. Day were able to acquire title to the Hardin tract, and that afterwards, on February 25, 1933, Mrs. Day was able to put through a deal whereby she acquired title to the Hardin tract and that such title for the first time became vested in Mrs. Margaret Tilly Day and Joe F. Day and Henry B. Trigg, independent executors of the estate of J. T. Day, deceased, and that these parties conveyed the property to Waterman.

The case was tried to a jury, and at the close of taking testimony and producing evidence, the defendants, appellees here, requested a peremptory instruction at the hands of the court, which was given, and the judgment rendered was that appellant take nothing against the appellees. Hence the appeal.

If it can be said that any of the negotiations had by appellant with any of these parties prior to the death of J. T. Day may be introduced in evidence, on the theory that such would not be binding excepting to show the history of appellant's connection with the procuring of the proposed purchaser of the lands, and in order to show why and under what circumstances appellant had any dealings with the parties after J. T. Day's death, we are confronted with the following record:

That appellant and his agent Lillard went out to see J. T. Day and his wife concerning the sale of the land and that J. T. Day was old and deaf, and the testimony discloses that he said nothing during the visit and while the conversation was being held, and that his wife, Mrs. Margaret Tilly Day, told appellant and his agent to go talk to Dr. Henry Trigg about the matter. We take it that this was merely a reference in order that appellant and his agent might obtain from Dr. Trigg any facts of which he was then possessed concerning the land. Before appellant and his agent went to see Dr. Trigg, they voluntarily called on Joe F. Day, son of J. T. Day, and they testified to what Joe F. Day said to them; they were not referred to Joe F. Day by Mrs. Margaret Day. At that time Joe F. Day had no interest on earth in the lands belonging to his father and mother, nor did Dr. Trigg's wife, Mrs. Nellie Day Trigg, sister of Joe F. Day.

The evidence discloses that appellant interviewed the receiver of H. H. Hardin's estate with reference to the sale of the Hardin tract and was advised by such receiver that he would not pay any commission on the sale if the Hardin tract were sold, and that such receiver told appellant that he, appellant, would have to look to Dr. Trigg for his commission. Bearing in mind that the proposition was for appellant to sell the Hardin tract and a part of the Day lands, twice in appellant's testimony he admitted that Dr. Trigg never at any time offered to pay him a commission on the sale of the Hardin tract. At one time he testified, in substance, that Dr. Trigg was going to attempt to get Hardin to agree to pay the commission on the Hardin tract, and then stated that later on Dr. Trigg agreed to pay on the Hardin tract but never attempted to fix the time when any such agreement was made by Dr. Trigg.

On cross-examination, he was asked if he had not testified that "they didn't agree to pay you a commission," and his answer

was: "I don't remember, I only know they all agreed definitely to pay a commission on the Hardin tract. They wouldn't agree not to and wouldn't agree to, I guess you would say."

In discussing his visit to the receiver of the Hardin estate, he testified:

"Dr. Trigg told me they would pay me the commission on it.

"Q. Now who would pay the commission? A. I supposed the Day estate. I was looking to him to get my commission out of this money."

Further, appellant was asked on cross-examination:

"Q. Did they agree to pay you 5% commission on all the Hardin land? A. Well, they didn't say they wouldn't do it."

The contract of sale, entered into on January 4, 1933, between Margaret Day, widow, styled "Owner," and W. M. Waterman, named "Purchaser," was introduced in evidence, as was the will of J. T. Day and the probate proceedings had thereon, and a warranty deed which was executed by Mrs. Margaret T. Day, surviving wife of J. T. Day, deceased, and Henry B. Trigg and Joe F. Day, independent executors of the estate of J. T. Day, deceased, conveying the Hardin estate of 1,090 acres described in the said contract of sale to W. M. Waterman.

The will of J. T. Day was admitted to probate on January 20, 1933, and Joe F. Day and Henry B. Trigg made oath as independent executors of the said will on January 21, 1933. There is no testimony showing any communication with either appellee Dr. Henry Trigg or appellee Joe F. Day subsequent to the probate of J. T. Day's last will and testament, on the part of appellant in connection with the sale of any land. It seems quite certain to us that neither Joe F. Day nor Dr. Henry Trigg could bind the estate of J. T. Day, deceased, by anything they said and did after J. T. Day's death and prior to the probate of such will. Whatever was said and done by Dr. Henry B. Trigg and Joe F. Day with reference to the sale of any land in which J. T. Day had an interest prior to the death of J. T. Day, on October 12, 1932, can form no basis for a cause of action against the estate of J. T. Day, deceased, even though they were found to be J. T. Day's authorized agents. The death of J. T. Day terminated such agency instanter. Cleveland v. Williams, Adm'r, 29 Tex. 204, 94 Am.Dec. 274. Neither appellant nor his agent Lillard ever discussed the sale of any of the lands with Mrs. Margaret T. Day, widow of J. T. Day, deceased, or with Joe F. Day or Mrs. Nellie Day Trigg after the death of J. T. Day, deceased, and there is no evidence in the record to establish an authorized agency on the part of Dr. Henry B. Trigg for either Mrs. Margaret T. Day, Joe F. Day, or Mrs. Nellie Day Trigg.

We do not believe that appellant's pleading, on which he went to trial, is sufficient to show that he attempts to recover a judgment against the estate of J. T. Day, deceased, and, even if it were sufficient, we have shown that no representative of such estate, authorized so to do, ever discussed with appellant the matter of sale of any of the lands in which the estate was interested. We take it that appellant, from his pleading, is attempting to hold the appellees individually, on the theory that they were interested personally in the estate. Appellant cannot recover against Dr. Henry B. Trigg because he seeks a personal judgment against Dr. Trigg more than two years after his supposed cause of action arose. He cannot recover against Mrs. Margaret T. Day because he never discussed the matter of the sale of any lands for her with her after the death of her husband, and the testimony does not raise the issue of any authorized agency for her on the part of Dr. Henry B. Trigg subsequent to her husband's death.

Appellant cannot recover against Joe F. Day because Joe F. Day had no interest in the property prior to the death of his father, and subsequent to the death of his father had only the interest of a remainderman, and subsequent to the death of his father never, at any time, discussed the sale of the lands with appellant, and the evidence does not raise the issue of any authorized agency on the part of Dr. Henry Trigg for Joe F. Day subsequent to the death of J. T. Day.

What we have said with reference to any recovery on the part of appellant from Joe F. Day, individually, applies with equal force to any recovery sought against Mrs. Nellie Day Trigg, wife of Dr. Henry Trigg.

We believe that the trial court did not err in giving the peremptory instruction requested by the defendants below, and the judgment of the trial court is by us affirmed.