HARGRAVES *v.* SOLOMON.

Opinion delivered October 15, 1928.

*E. M. Pipkin, Jr.,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Polk & Orr,* for appellee.

HART, C. J., (after stating the facts). The record shows that some of the bonds proposed to be issued will mature less than three years from the date of issue. Counsel for the defendant seek to reverse the decree on the ground that the provision in the Thirteenth Amendment to our Constitution, providing that such bonds shall be serial, maturing annually after three years from the date of issue, is directory, and that the court erred in holding the provision to be mandatory.

The correctness of the holding of the chancery court depends upon the construction to be placed upon that part of Amendment No. 13 which reads as follows:

"Cities of the first and second class may issue, by and with the consent of a majority of the qualified electors of said municipality voting on the question at an election held for the purpose, bonds in sums and for the purposes approved by such majority at such election, for hospitals. Said bonds shall be serial, maturing annually after three years from date of issue, and shall be paid off as they mature, and no bonds issued under the authority of this amendment shall be issued for a longer period than thirty-five years.

"Said election shall be held at such times as the city council may designate by ordinance, which ordinance shall specifically state the purpose for which the bonds

are to be issued, and, if for more than one purpose, provision shall be made in said ordinance for balloting on each separate purpose; which ordinance shall state the sum total of the issue, the dates of maturity thereof, and shall fix the date of election so that it shall not occur earlier than thirty days after the passage of said ordinance. Said election shall be held and conducted and the vote thereof canvassed and the result thereof declared under the law and in the manner now or hereafter provided for muncipal elections, so far as the same may be applicable, except as herein otherwise provided. Notice of said election shall be given by the mayor by advertisement weekly for at least four times, in some newspaper published in said municipality and having a *bona fide* circulation therein, the last publication to be not less than 10 days prior to the date of said election. Qualified voters of said municipality only shall have a right to vote at said election. The result of said election shall be proclaimed by the mayor, and the result as proclaimed shall be conclusive, unless attacked in the courts within thirty days after the date of such proclamation.

"This amendment shall be in force upon its adoption and shall not require legislative action to put it into force and effect."

The Constitution of a State and the amendments thereto are the organic law, and are usually construed to be mandatory. The general rule is well established that constitutional provisions are to be construed as mandatory unless by their express terms or by necessary implication a different intention is manifest. Cooley on Constitutional Limitations, 8 ed., vol. 1, pp. 159-164, inclusive; 6 R. C. L. 55; and 12 C. J. 140.

This general rule has been approved by our own court. *State* v. *Johnson*, 26 Ark. 281, and *Merwin* v. *Fussell*, 93 Ark. 336, 124 S. W. 1021.

The reason for the rule is especially appropriate in cases of this sort. Where a power is expressly given by the Constitution and the manner or means by which it is

to be exercised is prescribed, such means or manner is exclusive of all others.

In the application of the rule in *State v. Johnson,* 26 Ark. 281, it was said that, when a constitutional provision designates the time when a fundamental act shall be done and is silent as to any other time for performing it, it cannot be done at any other time. Under the same principle, where a power is given a municipality to issue bonds under certain conditions and the date of the maturity of the bonds is fixed in the same provision of the Constitution, this would be a restriction upon the power of the municipality to fix another or different date for their maturity.

We are not concerned with the wisdom or expediency of the provision of the Constitution under consideration. Our duty is to carry out the provisions of the Constitution as indicated by its plain language. We have quoted in full what the framers of the Constitution expressed as to the manner and means of allowing a municipality to issue bonds; and we find nothing in the language used which would indicate that it was intended that the provision for the maturity of the bond issue was to be declared directory. If such was the intention of the framers, the provision under consideration might just as well have been left out. It will be noted that the language of the provision is direct and positive, and there appears to be no reason for holding that it was to be considered directory merely. In direct and positive terms the clause of the constitutional amendment under consideration provides that the bonds shall mature annually after three years from the date of issue, and that no bonds shall be issued for a longer period than thirty-five years. They evidently decided upon having the first date of maturity three years after the date of issue in order to give the property owners time to accumulate a fund for paying the bond issue as it should annually mature. Whatever the reason might have been, however, it is our duty to construe the provision as mandatory, inasmuch as there

is nothing in the language used to indicate that it was intended to be directory merely.

Again, it is insisted that the plaintiff was barred of his right to attack the ordinance because the amendment provides that the result of the election, as proclaimed by the mayor, shall be conclusive, unless attacked in the courts within thirty days after the date of said proclamation. The attack in the case at bar was made more than thirty days after the date of said proclamation. We do not agree with counsel in this contention. We have copied the provision in question above, and it is apparent from the language used that the framers of the amendment to the Constitution only had in mind that the result of the election as proclaimed by the mayor should not be attacked after thirty days from the date of such proclamation.

It is next insisted that, even if we should hold that the bonds maturing before three years from the date of their issue were void, this would not invalidate the issue as to the remainder. We do not agree with counsel in this contention. The issue of bonds was an entirety; and, as we have already seen, there is no power to issue them unless the mandatory provisions of the amendment to the Constitution conferring the power have been complied with. Having violated the provisions of the Constitution in question in issuing the bonds, the invalidity of some of them necessarily affects the whole issue.

What we have said in this opinion should not be construed to prevent the common council of the city of Helena from passing an ordinance to hold another election for the purpose of issuing bonds for a city hospital, if said council should deem such course to be wise and expedient. The fact that the first issue has been declared illegal in no sense exhausts the power of the city council to commence a new proceeding in accordance with the provisions of the amendment to the Constitution in question.

It follows that the decree of the chancery court was correct, and it will therefore be affirmed.