LEWIS DENDY v. GREATER DAMASCUS
BAPTIST CHURCH ET AL

5-4922                                    444 S. W. 2d 71

Opinion delivered August 25, 1969

*Anderson & Crumpler,* for appellant.

*Brown, Compton, Prewett & Dickens,* for appellees.

GEORGE ROSE SMITH, Justice. In 1965 the appellees, the Greater Damascus Baptist Church and its trustees, built a small church which proved to have been placed by mistake upon an acre of unfenced woodland owned by the appellant Dendy instead of upon an adjoining three-acre tract which the appellees had bought as a site for the church building. Dendy, by means of a survey, learned with certainty that the mistake had been made and demanded that the building be removed from his land. The church refused to comply with his demand. Dendy then brought this action in ejectment to recover possession of his property and damages for the removal of timber.

Upon the defendants' motion the case was transferred to equity. The chancellor found that Dendy had been guilty of laches "when he stood by and allowed the building to be built without taking any action other than to say he believed it was on his land." Upon that finding the chancellor entered a decree which (*a*) transferred the title to the three-acre tract from the church to Dendy, (*b*) transferred the title to the one-acre site from Dendy to the church, and (*c*) awarded Dendy $200 in damages. Dendy has appealed.

We must reverse the decree. We appreciate the chancellor's sympathy for the congregation's unhappy predicament, but the law does not sanction a resort to a rough and ready system of justice that demonstrably disregards Dendy's property rights.

When Dendy first noticed that his land was appar-

ently being cleared for some sort of construction he made an immediate investigation, which revealed the church's plan to erect a building on the property. Dendy informed Jerusha Parker, a church member whom he thought to be in charge of the project, that he was reasonably sure that the site was his land. Despite that warning the church went ahead with its plans to erect the building. There is no evidence tending to show that Dendy misled the church members in any way. The most that can be said is that he did not follow up his warning by filing a suit to enjoin the construction. That, however, was not his duty. The church was at least equally at fault in failing to ascertain the exact location of its own three acres. In chancery cases involving fact situations even less favorable to the true owner than that presented by the case at bar we have held that the encroachment must be removed. *McLendon* v. *Johnston,* 243 Ark. 218, 419 S. W. 2d 309 (1967); *Beaty* v. *Gordon,* 236 Ark. 50, 364 S. W. 2d 311. Those decisions are controlling here.

The decree is set aside and the cause remanded for further proceedings consistent with this opinion. We note the fears expressed by the appellees' counsel—that Dendy may attempt to claim the little church building as his property. He does not seem to have shown any inclination to do so, but upon that point we call attention to our decision in *Shick* v. *Dearmore,* 246 Ark. 1209, 442 S. W. 2d 198 (1969), and to Ark. Stat. Ann. § 50-103 (1947). Although that statute allows only twelve months for the removal of an improvement placed upon another's land by mistake, the church asserted its rights within that time by the filing of its answer. Thereafter the pendency of the litigation would of course suspend the running of the statute. *Winn* v. *Collins,* 207 Ark. 946, 183 S. W. 2d 593 (1944). The chancellor will also fix the amount of any damage that Dendy may have suffered by the removal of the timber from his land.

Reversed.

Fogleman, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the treatment and disposition of this case by the majority, except for the suggestion that the chancery court proceed under the decision in *Shick* v. *Dearmore,* 246 Ark. 1209, 442 S. W. 2d 198. I adhere to the views stated in the dissenting opinion in that case. I see no reason why proceedings cannot be had pursuant to Ark. Stat. Ann. § 50-103 (1947), which did not come to our attention in the Shick case. In this connection, I suggest the second paragraph of this section, however, is unconstitutional under Article 2, Section 13, of the Arkansas Constitution.