Mae Lillian SMITH et al *v.* Jethral STEWART et al

CA 83-110                                    662 S.W.2d 202

Court of Appeals of Arkansas
Division II
Opinion delivered December 21, 1983

*John W. Walker, P.A.,* for appellants.

*Graves & Graves,* by: *John Robert Graves,* for appellees.

TOM GLAZE, Judge. In this chancery court case, appellants filed suit seeking a mandatory injunction requiring appellees to remove a brick house which they mistakenly constructed on appellants' land. In the alternative, appellants requested confirmation of title to the house or damages for the unauthorized taking of 1.86 acres upon which the structure and improvements were built plus damages to appellants' remaining acreage. Appellees counterclaimed

seeking damages under the Arkansas Betterment Statutes and under the theory of unjust enrichment. The trial court rendered alternative judgments: First, appellants were given the option to pay $43,180 to appellee for the house; second, upon appellants' failure to exercise such option, appellants were entitled to a deed to the subject 1.86 acres upon the prompt payment of $1,875 for the land taken plus $1,650 to the remaining acreage. Furthermore, appellants were awarded $1,000 damages to a roadway on their property, $1,000 sentimental and/or distress damages and $1,000 attorneys' fees and costs. Appellants appeal, contending the court's holding is contrary to the law. Appellees cross-appeal, challenging the validity of the roadway and sentimental damages awarded by the court. The trial judge, applying equitable principles, attempted to resolve the parties' unfortunate predicament, but in doing so, we believe he erred.

The relevant facts are virtually undisputed. Appellants live in California, and the appellees reside in Chicago, but both sets of parties own adjoining land in Arkansas. In 1975, the appellees employed a surveyor, Charles Webb, to survey their acreage. Webb completed a survey in November, 1975, but that survey was inaccurate because it was based on misinformation given him by appellees' cousin, a Mr. Johnson. As a result of this erroneous survey, appellees' south line of their land extended onto 1.86 acres owned by appellants. Webb discovered this error, and in December, 1975, he correctly resurveyed the land. However, one of his original stakes fixed during the first erroneous survey remained in place, and that stake apparently was the point of reference from which appellees mistakenly constructed a brick veneer house on appellants' land. Upon learning of the construction of appellees' house, appellants brought this action.

At the conclusion of the trial, the trial judge took the case under submission and subsequently rendered a memorandum opinion setting forth his findings of fact and conclusions of law. In reaching his decision, the trial judge found that appellants were not negligent in looking after their property or in failing to warn appellees against

starting — or stopping — the construction of the house. Also, he found that, while they may have been careless to some extent, appellees built the house in good faith. The judge also determined that the appellees' house could not be moved without completely destroying it. Finally, the chancellor determined the Arkansas Betterment Statutes were not in issue because the appellees concededly lacked color of title in the property on which they built their house. *See* Ark. Stat. Ann. §§ 34-1423 *et seq.* (Repl. 1962).

In their arguments on appeal, appellees recognize the established line of cases wherein Arkansas courts have issued or directed mandatory injunctions requiring the removal of improvements placed upon the land of another. *Dendy* v. *Greater Damascus Baptist Church,* 247 Ark. 6, 444 S.W.2d 71 (1969) (a small church was mistakenly built upon adjoining landowner's unfenced, wooded acre); *McLendon* v. *Johnston,* 243 Ark. 218, 419 S.W.2d 309 (1967) (a newly constructed house encroached a distance of 3.4 feet onto the adjoining landowner's property); *Beaty* v. *Gordon,* 236 Ark. 50, 364 S.W.2d 311 (1963) (the eaves of a newly built house extended over the property line of the adjoining landowner); *Fulks* v. *Fredeman,* 224 Ark. 413, 273 S.W.2d 528 (1954) (a brick wall leaned over adjoining landowner's property line); and *Leffingwell* v. *Glendenning,* 218 Ark. 767, 238 S.W.2d 942 (1951) (a stone and cement wall encroached upon a twenty-six foot strip owned by the adjoining landowner). Appellees argue these prior cases are factually distinguishable from the situation presented herein because the removal of appellees' house would destroy it; they contend the application of the rule requiring the removal of the house as an encroachment is too harsh and inequitable. In support of appellees' position, they cite two Michigan Supreme Court cases, *Hardy* v. *Burroughs,* 251 Mich. 578, 232 N.W. 200 (1930), and *Rzeppa* v. *Seymour,* 230 Mich. 439, 203 N.W. 62 (1925). The simple answer to appellees' argument is that the rule applied by the Arkansas Supreme Court in such encroachment matters differs from the more lenient rule adopted by the Michigan court.

Under the strict common-law rule, a permanent improvement placed upon another's land by mistake became a

part of the realty and could not be removed. In 1921, our Legislature attempted to temper the harshness of the common-law rule by providing that the person who erroneously places an improvement on another's land shall have twelve months' time from the date of the discovery of the erroneous placing to remove it. *See* Ark. Stat. Ann. § 50-103 (Repl. 1971). Interestingly, this 1921 enactment, § 50-103, was not cited in any cases until *Dendy* v. *Greater Damascus Baptist Church, supra,* in 1969 and again in *Hughey* v. *Bennett,* 264 Ark. 64, 568 S.W.2d 46 (1978). The Supreme Court decided *Shick* v. *Dearmore,* 246 Ark. 1209, 442 S.W.2d 198 (1969), shortly before its decision in *Dendy,* but apparently § 50-103 was not brought to the Court's attention. The Court, in *Shick,* to ease the harshness of the common-law rule, adopted the slightly more equitable principle of allowing the removal of the improvements in an equitable proceeding whenever that course can be followed *without substantial damage* to the land.[1] *See also* Justice Fogleman's concurring opinion in *Dendy* v. *Greater Damascus Baptist Church, supra.* Shick was a well driller who mistakenly drilled a water well on Dearmore's property. Although the Supreme Court indicated Shick should be allowed to remove his well's casing and restore the land to its original condition, it remanded the case for further proceedings to determine if the removal could be accomplished without damage to the land that might fairly be considered substantial when compared to the pecuniary loss that Shick would otherwise sustain. *Id.* at 1214, 442 S.W.2d at 200-01.

About two months after *Shick,* the Supreme Court decided *Dendy* wherein the Court, finding the church building erroneously built on Dendy's land should be removed, remanded the case for the chancellor to consider the court's decision in *Shick* and the possible application of § 50-103.[2] The Court further instructed the chancellor to fix

---

[1]Chief Justice Harris and Justice Fogleman dissented, stating that the majority decision overruled a long-standing rule of property, *i.e.,* that permanent fixtures become part of the realty and belong to the owner thereof.

[2]In his concurring opinion in *Dendy,* Justice Fogleman suggested the second paragraph of § 50-103 is unconstitutional under Article 2, § 13 of the Arkansas Constitution.

the amount of any damages that Dendy may have suffered by the removal of timber from his land.

We believe the Court's instructions to the chancellor in *Dendy* are applicable here, and accordingly, we remand this cause with directions to vacate the trial court's decree for further proceedings consistent with this opinion. On remand, the trial court, when considering the damage issues, may also reconsider its award to appellants for damages to their roadway.

Reversed and remanded.

MAYFIELD, C.J., and COOPER, J., agree.