Winfred S. Clardy Executive Director Teacher Retirement System Education Building West #3 State Capitol Mall Little Rock, AR 72201
Dear Mr. Clardy:
This letter is in response to your recent opinion request on the application of Act 187 of 1987 to the Teacher Retirement System (TRS) as a preceding reciprocal system pursuant to Ark. Stat. Ann. 12-2538 (Supp. 1985). Your questions are as follows:
 1. When a member of another state retirement system covered by Act 187 of 1987 retired under that law and chooses the ten percent additional service credit as one of his incentives, and also has preceding reciprocal service credit in the Teacher Retirement System, does the Teacher Retirement System have to give the member ten percent additional service credit on his preceding reciprocal service?
 2. As the preceding reciprocal system, if the member chooses as one of his incentives under Act 187 to use his highest annual salary in the computation of benefits, is the Teacher Retirement System required to substitute that salary figure for his highest final average salary?
 3. As the preceding reciprocal system, under Act 187 of 1987, does the Teacher Retirement System have to begin paying benefits on that reciprocal service before the member who does not have at least 25 years of combined service in this system and the succeeding reciprocal system reaches age 60?
Reciprocity between retirement systems is addressed by Ark. Stat. Ann. 12-2537 et seq.
Ark. Stat. Ann 12-2538 (Supp. 1985) provides that when an employee transfers from one reciprocal system to another according to the stated conditions, he is entitled to a deferred annuity payable from the former system which is known as the preceding system. The system to which he transfers is the succeeding system. The annuity payable by the preceding system is calculated by that system's annuity formula. Furthermore, the final average compensation for calculating monthly benefits is that of the reciprocal system which furnishes the highest final average salary at the time of retirement except for Highway Department system members. In that system, benefits are calculated on final average compensation at termination of employment with the Highway Employees Retirement System. Ark. Stat. Ann. 12-2538(d) (Supp. 1985).
Act 187 of 1987 provides incentives for early retirement of state employees. Two of the incentives from which an eligible employee may choose are (1) substituting highest annual or twelve months salary for final average compensation and (2) receipt of an additional 10% service credit. Act 187 of 1987, 1(A)(1), (2) and (3) and (B)(2), 2(A)(2) and (3) and (B)(2), 3(A)(2) and (3) and (B)(2), 5(b) and (c) and 6(b).
The legislature's intent in Act 187 can be gleaned from 11 which states a reduction in the work force is necessary because of budget constraints. Incentives for early retirement are intended to avoid layoffs, and positions vacated as a result of retirement under this Act cannot be filled without gubernatorial approval. Act 187 of 1987, 9.
Determining and effectuating legislative intent is the cardinal rule of statutory construction. Hice v. State, 268 Ark. 57,593 S.W.2d 169 (1980). An interpretation which would frustrate that intent is not favored. Ragland v. Alpha Aviation, Inc., 285 Ark. 182,686 S.W.2d 391 (1985).
In the relevant sections of Act 187 addressing the 10% additional service credit, the credit is related to the calculation of the member's annuity. The Act does not address its application to an employee who has reciprocal service under another system thereby creating an ambiguity in relation to that set of facts.
The Act also provides for a payment of 10% of final salary payment as another incentive. That payment is required to come from a specific source. Act 187 of 1987, 1(A)(4) and (B)(5), 2(A)(4) and (B)(5), 3(A)(5) and (B)(6), 5(d) and 6(e). Limitation of payment from specific sources for this lump sum payment indicates there was no intention to limit the 10% additional service credit to the succeeding system in the event of reciprocal service.
That limitation could have been explicitly stated had the legislature so intended. Furthermore, limiting the 10% additional service credit to the succeeding system could frustrate the legislature's intent to reduce the work force through early retirement by reducing the employee's motivation to retire early. Hence, the relevant portions of Act 187 addressing the 10% additional service credit should be read to provide that the additional credit be granted by both the succeeding and preceding systems for their respective service.
Your second question addresses the incentive of substitution of the highest annual or twelve months salary in place of a "final average compensation." The rationale set forth above on the additional service credit is applicable to this issue as well. Following that reasoning it appears that the sections of Act 187 applicable to the highest annual or twelve months' salary should apply to the Teacher Retirement System as a preceding reciprocal system in order to fulfill the legislature's intent.
Your final question is when the Teacher Retirement System must begin paying benefits as a preceding reciprocal system when the employee does not have 25 years of combined service credit and before he reaches 60 years of age. Ark. Stat. Ann. 80-1443 (9.01) (Supp. 1985) provides for a full annuity for a TRS member having either (1) reached age 60 with at least ten years' credited service or (2) at least 30 years of credited service regardless of age. A reduced annuity is provided for under Ark. Stat. Ann. 80-1443 (9.07) for a member with 25 years of service credit but who has not yet reached age 60. Service in both reciprocal systems is included in determining the total years of service credit. Ark. Stat. Ann. 80-1440 (5.01[b]) (Supp. 1985). Act 187 provides for early retirement for those vested for a full age and service annuity in 1A, 2A, 3A and 5a. It further provides for early retirement incentives for employees who are not vested for full annuities in 1B, 2B, 3B and 6. A member who qualified for a full age and service annuity under 80-1443 (9.01) will either be over sixty or have 30 years of service. Therefore, your question appears relevant only to the provisions of Act 187 regarding employees not vested for full annuities. Following the rationale set forth above, it appears that a member who qualifies under any of the various sections of Act 187 for a partial annuity should be paid the appropriate annuity from the Teacher Retirement System as the preceding reciprocal system. This conclusion is necessary to motivate employees to take the early retirement opportunities offered by Act 187 to accomplish the legislature's intent, reducing the work force without layoffs.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Thomas S. Gay.