DIXIE FURNITURE COMPANY and Dixie Realty
Company *v.* Charles D. RAGLAND, Revenue
Commissioner, Revenue Division Department of Finance and
Administration

89-45                                              776 S.W.2d 357

Supreme Court of Arkansas
Opinion delivered September 25, 1989

*W.G. Dinning, Jr.,* for appellant.

*John H. Theis, Joe Morphew, Philip Raia, Robert L. Jones,
William E. Keadle, Ricky L. Pruett,* and *David Kaufman,* by:
*Cora L. Gentry,* for appellee.

DAVID NEWBERN, Justice. This appeal is from the chancel-
lor's decision that Charles D. Ragland, Revenue Commissioner,
properly assessed a penalty upon the appellants, Dixie Furniture

Company and Dixie Realty Company, for failure to file quarterly estimated tax returns. The issue is whether the failure to file the estimated tax returns resulted in a "deficiency" upon which a penalty could be assessed even though the basic tax due was paid upon filing an annual return. The penalty in question is one assessed for a deficiency resulting from intentional or negligent disregard of tax rules or regulations. We affirm the chancellor's decision that there was a deficiency. On cross-appeal we reverse his decision that, due to lack of notice to the taxpayer, the penalty should not have been applied for one of the tax years at issue.

During the years in questions here, corporate taxpayers which anticipated owing more than \$100 in income tax to the State of Arkansas were required to file an estimated tax declaration not later than the 15th day of the fifth month of the taxpayer's tax year. Ark. Code Ann. § 26-51-911 (1987). A corporation which had filed such a declaration was required to estimate not less than 70% of the final tax due. Act 132 of 1965. The requirement has since been raised to 90%. Ark. Code Ann. § 26-51-912 (Supp. 1987). The estimated tax could be paid with the filing of the declaration or in quarterly installments. Ark. Code Ann. § 26-51-913 (1987). Failure to make an estimate results in a penalty of one-half of one percent per month, or fraction thereof, on the underestimate. § 26-51-912.

Arkansas Code Ann. § 26-18-208 (4) (Supp. 1987) provides:

> If any part of a deficiency in taxes is determined to be due to negligence or intentional disregard of rules and regulations. . . or any state tax law, then the director shall add a penalty of ten percent (10%) of the total amount of the deficiency . . .

A "deficiency" is defined as follows in Ark. Code Ann. § 26-18-104(15) (1987):

> "Tax Deficiency" or "deficiency" means the amount by which the tax imposed by any state tax exceeds the excess of the sum of:
>
> (A) The amount shown as the tax by the taxpayer on his return if a return was made by the taxpayer; plus
>
> (B) The amounts previously assessed, or collected

without assessment, as a deficiency; . . . .

The appellants, collectively referred to here as "Dixie," paid their corporate income taxes annually. Mr. Lewis, the president of both companies, testified that for several tax years he paid the tax due plus the one-half of one percent penalty for failure to file a declaration of estimated tax.

Mr. Ward, who was employed by the state as a corporation income tax auditor, testified that he determined that Dixie was liable for the 10% penalty in 1984. He concluded the failure to estimate was intentional because Dixie had been assessed the one-half of one percent penalties in previous years. Dixie refused to pay the 10% penalty for 1984 and subsequent years, and brought this action to enjoin the collection of it.

The chancellor concluded there was no factual dispute. Mr. Lewis testified that he had helped prepare the Dixie returns prior to 1984, and he was aware that the companies were to file estimated tax returns and that he was to pay a penalty for failure to do so.

## 1. Penal statutes

In their first point, Dixie argues that it was not the intention of the general assembly to assess two penalties for violation of one statute. The only argument made is that laws imposing penalties are to be strictly construed, citing the dissenting opinion in *Hice* v. *State*, 268 Ark. 57, 593 S.W.2d 169 (1980). While we agree in principle with the statement that penal laws are to be construed strictly, Dixie has given us neither convincing argument nor citation of authority which would allow us to expand that general proposition to say that the general assembly may not impose two penalties for violation of one statute.

## 2. Deficiency

Dixie's second argument is that there was no deficiency. The taxes and one-half of one percent penalties were paid. The commissioner argues that there was a deficiency resulting from Dixie's failure to declare and pay its estimated taxes, and thus it was proper to assess the additional penalty upon 70% of the ultimate annual tax liability.

■ We agree with the chancellor's conclusion that an estimated tax declaration is a tax return, Ark. Code Ann. § 26-18-104 (11) (1987), and a deficiency occurs when the amount of the tax imposed exceeds the amount shown by the taxpayer on his return. Dixie was required to estimate at least 70% of its tax liability and to pay in the manner described in § 26-51-913 (1987) prior to filing its final return.

■ "It is a general rule of construction that statutes establishing procedures for collection and assessment of taxes will be construed in favor of the government." *Ragland* v. *Alpha Aviation, Inc.,* 285 Ark. 182, 686 S.W.2d 391 (1985). Although the language of § 26-18-104(15) defining a deficiency as the amount which "exceeds the excess" is obtuse, it includes the difference between the amount of the "tax imposed," which, at the time the declaration should have been made, was 70% of the ultimate tax due, and zero. While the reference in § 26-18-104(15) to the taxpayer who fails to file a return is oblique at best, we are unwilling to hold that the term "deficiency" refers only to failures on the part of taxpayers who file returns. Such a conclusion would not implement the intent of the general assembly and would result in an absurdity. We will not interpret legislation in a manner giving rise to such a result. *Ragland* v. *Alpha Aviation, supra; Carter* v. *Bush,* 283 Ark. 16, 677 S.W.2d 837 (1984).

### 3. The cross-appeal

■ The chancellor held that the first 10% penalty assessed against Dixie was improper because the commissioner had not given Dixie a direct notice or warning that the penalty could be anticipated if it continued to decline to file the estimated tax declarations. We reverse the decision in this respect because it is clear that Mr. Lewis knew of his obligation to file the declaration and pay the amounts when due. It is undisputed that he knew of his obligation and intentionally disregarded it. Neither Dixie nor the chancellor has cited any law requiring the commissioner to give the taxpayer specific notice of the prospect of a penalty being imposed.

Affirmed on appeal; reversed and remanded on cross-appeal

for entry of an order consistent with this opinion.