The Honorable Allen Gordon State Senator 105 South moose Morrilton, Arkansas 72110
Dear Senator Allen:
This is in response to your request for an opinion concerning Act 822 of 1989 and Act 24 of 1989. Specifically, you have noted that Act 822 of 1989, the relevant part of which is codified at A.C.A.6-13-620 (3)(C), provides as follows:
 The issuing of annual contracts to personnel other than substitute teachers employed on a daily basis and teachers shall be in writing and shall recite the duration of employment, specific duties, and annual salary.
You note that a problem has arisen under the statute above due to Act 24 of 1989. That act provides funds to school districts for "Compensatory Education Programs", and provides that the funds received shall only be spent for those programs.
Your questions relative to the two statutes above are as follows:
 1) Will existing contracts have to be amended to include funds from the Compensatory Education Act (Act 24 of 1989) in situations of personnel employed in that program before and after school?
 2) Will the District have to enter into written contracts with student tutors who are employed under the Compensatory Education Program for 10 hours a week?
You have not stated what type of "personnel" are employed in the Compensatory Education Program "before and after school", or the type of duties they perform in the program. We assume, however, that they are non-teaching personnel, as A.C.A. 6-13-620(3)(C) is applicable only to this category of personnel. Your question is whether existing contracts with these personnel must be amended to include, presumably, the additional salary received, and duties performed under the Compensatory Education Program.
There is no provision of law which specifically addresses this question, but generally, if the contracts are to accurately reflect the actual duties and salary, an amendment would be necessary.
Your second question is whether written contracts must be entered into with student tutors who work ten hours a week in the Compensatory Education Program. The resolution of this question will depend upon a construction of the relevant portion of Act 822 of 1989 set out earlier. That act required written contracts with "personnel other than substitute teachers employed on a daily basis and teachers". The issue is whether this language is broad enough to cover student tutors working in the Compensatory Education Program.
In construing a statute, the primary consideration is to give effect to the legislative intent. Ragland v. Alpha Aviation, Inc., 285 Ark. 182, 686 S.W.2d 391 (1985), reh. denied,285 Ark. 182, 688 S.W.2d 301. Did the legislature intend for student tutors to be employed under written contracts? Reference to the emergency clause of Act 822 may be of help in discerning the legislative intent. (In the case of an ambiguity, a court may look to the emergency clause to determine legislative intent. Heath v. Westark Poultry Processing Corp., 259 Ark. 141, 531 S.W.2d 953
(1976)). The emergency clause of Act 822 provides:
 It is hereby found and determined by the General Assembly of the State of Arkansas that the school districts within the State of Arkansas during the spring of 1989 will be making decisions pertaining to the hiring of non-teaching personnel and that those non-teaching personnel should be employed by a written contract to provide them with some certainty regarding their future employment.
It is my opinion, given the language above, that the legislature probably did not intend that student tutors who work ten hours per week in the Compensatory Education Program be employed under written contracts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb