The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion concerning Act 808 of 1991. That act requires members of the General Assembly to report any goods or services sold to the state. You note that the act does not state a specific time period covered by the disclosure, but provides that the disclosure shall be filed at the same time as the filing of the statement of financial interest under A.C.A. § 21-8-701. Your question is whether theinitial disclosure filed would cover the entire previous calendar year, or only the time period from the date the act becomes effective to the end of the year.
It is my opinion that the initial disclosure should cover the entire previous calendar year.
Act 808 of 1991 states as follows:
 SECTION 1. (a) In addition to the required filings under A.C.A. §§ 21-8-401 et seq., a member of the Arkansas General Assembly shall report any goods or services sold having a total annual value in excess of one thousand dollars ($1,000) to an office, department, commission, council, board, bureau, committee, legislative body, agency or other establishment of the State of Arkansas, by the member, his or her spouse, or by any business in which the member or his or her spouse is an officer, director, or stockholder owning more than ten percent (10%) of the stock.
 (b) This disclosure shall be filed with the Secretary of State at the same time as the filing of the statement of financial interest required under A.C.A. § 21-8-701 et seq. [Emphasis added.]
The statement of financial interest required under A.C.A. §21-8-701 "shall be filed by January 31 of each year; except that a candidate for elective office shall file . . . within thirty (30) days after the deadline for filing for office for which he seeks election." Thus, your question is whether the initial disclosure statement under Act 808 should cover the entire calendar year of 1991, or whether it should only cover the period between July 15, (the date Act 808 becomes effective), until the end of the year.
The primary rule in construing of statutes is to ascertain and give effect to the intention of the legislature. Ragland v.Alpha Aviation, Inc., 285 Ark. 182, 686 S.W.2d 391 (1985). It is my opinion that the legislative intent behind Act 808 was to require an annual filing, just like the one required under §21-8-701, and that the intent was to have the initial filing cover an "annual" period. This conclusion is borne out by the reference to "annual value" is subsection (a) above, and by the manner in which the requirements of Act 808 are attached to those of A.C.A. § 21-8-701. Although statutes dealing with matters of substance rather than procedure are presumed to apply prospectively only, they will be construed as retroactive if the intention of the legislature to give them a retroactive effect is expressly declared or necessarily implied from the language used.Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958).
It is my opinion, further, that the application of Act 808 in this way does not offend constitutional prohibitions against retroactive laws disturbing "vested rights." See e.g.Fortson v. Weeks, 232 Ga. 472, 208 S.W.2d 68 (1974).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb