The Honorable Jimmie Don McKissack State Representative 3418 Highway 65 South Pine Bluff, Arkansas 71601
Dear Representative McKissack:
This letter is a response to your request for an opinion regarding the respective duties of prosecuting attorneys and city attorneys. You have presented the following specific questions:
 (1) What are "city misdemeanor cases" for purposes of A.C.A. § 16-21-150, taking into consideration the provisions of A.C.A. §§ 16-21-103 and -115, and taking into consideration Attorney General Opinions Nos. 85-72, 92-211, and 93-010?
 (2) What is the city attorney's obligation to appear and prosecute in juvenile court?
 (3) Do city attorneys have an obligation to appear and prosecute violations of state misdemeanor laws?
RESPONSE
Question 1 — What are "city misdemeanor cases" for purposes of A.C.A. §16-21-150, taking into consideration the provisions of A.C.A. §§ 16-21-103and -115, and taking into consideration Attorney General Opinions Nos.85-72, 92-211, and 93-010?
Before responding to your question, I will set forth the provisions of the statutes about which you have inquired, and will summarize the Attorney General Opinions to which you have cited.
A.C.A. § 16-21-150 states:
 No prosecuting attorney shall prosecute city misdemeanor cases or appeals to circuit or appellate courts unless the prosecuting attorney consents to do so.
A.C.A. § 16-21-103 states:
 Each prosecuting attorney shall commence and prosecute all criminal actions in which the state or any county in his district may be concerned.
A.C.A. § 16-21-115 states:
 A prosecuting attorney may designate the duly elected or appointed city attorney of any municipality within the prosecutor's district to prosecute in the name of the state in municipal or other corporation courts violations of state misdemeanor laws, which violations occurred within the limits of the municipality, if the city attorney agrees to the appointment.
In Attorney General Opinions Nos. 85-72, 92-211, and 93-010, this office took the position that city attorneys have no statutory authority to prosecute appeals to circuit court of municipal violations of state law, and that the responsibility of doing so is upon the prosecuting attorney.
It is my opinion that the phrase "city misdemeanor cases," as used in A.C.A. § 16-21-150, quoted above, refers to cases involving the misdemeanor violation of state law within a city's limits.
The primary object of statutory interpretation is to ascertain and give effect to the intent of the legislature. State ex rel. Bryant v.McCleod, 318 Ark. 781, 888 S.W.2d 639 (1994). There appear to be two possible readings of the phrase "city misdemeanor cases." One such reading is the one that I have chosen: A reading that means cases involving misdemeanor violations of state law that occur within a city's limits. Under that reading, A.C.A. § 16-21-150 would have the effect of relieving prosecuting attorneys of the responsibility of prosecuting misdemeanor state law violations that occur within city limits. The other reading is one that interprets the phrase to mean cases involving violations of city ordinances. Under that reading, the statute would have the effect of prohibiting prosecuting attorneys from prosecuting cases involving the violation of city ordinances. The pertinent question, therefore, in interpreting the phrase "city misdemeanor cases," is whether the legislature, in enacting A.C.A. § 16-21-150, intended to relieve prosecuting attorneys of the responsibility of prosecuting misdemeanor state law violation cases that arose within a city's limits, or whether it intended to prohibit them from prosecuting city ordinance violation cases. I have concluded that the legislature intended the former: To relieve prosecutors of the responsibility of prosecuting misdemeanor state law violation cases that arose within a city's limits. I have reached this conclusion by applying the Arkansas Supreme Court's rule of statutory interpretation which states that in determining legislative intent, it is appropriate to consider not only the language of the act in question, but also the subject matter, the object to be accomplished, the purpose to be served, and other appropriate matters that throw light on the issue. City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356
(1993).
Two factors are particularly enlightening in addressing the question of the legislative intent behind A.C.A. § 16-21-150. The first factor is that prosecutors have never had authority to prosecute violations of city ordinances. The jurisdiction of prosecuting attorneys is explicitly set forth in A.C.A. § 16-21-103, quoted above. The unambiguous language of that statute clearly indicates that prosecuting attorneys' jurisdiction, as stated therein, encompasses only state and county matters. Moreover, in practice, prosecutors have never prosecuted or attempted to prosecute violations of city ordinances. By contrast, city attorneys have made a practice, in certain localities, of prosecuting misdemeanor violations of state law that occurred within the city limits of their municipalities, under the authority of A.C.A. § 16-21-115. This is particularly true in instances where the violation of a city ordinance was also the violation of a state law. See, e.g., A.C.A. § 12-41-506 and Att'y Gen. Op. No. 93-174. Therefore, to interpret the phrase "city misdemeanor cases", as used in A.C.A. § 16-21-150, to mean cases involving the violation of city ordinances would be to render the statute useless. That is, such an interpretation would give the statute the function of prohibiting prosecuting attorneys from prosecuting cases that they have no authority to prosecute anyway. The Arkansas Supreme Court has held that it in interpreting statutory language, it is inappropriate to presume that the legislature enacted a vain or meaningless law. See, e.g., Death andPermanent Total Disability v. Whirlpool Corp., 39 Ark. App. 62,837 S.W.2d 293 (1992). Under my interpretation of A.C.A. § 16-21-150, the statute would have a meaningful function: To relieve prosecuting attorneys of the responsibility of prosecuting certain cases that city attorneys already have authority to prosecute under A.C.A. § 16-21-115.
The second factor that bears upon the legislative intent of A.C.A. §16-21-150 is the fact that according to the previously cited Attorney General's opinions, prosecutors rather than city attorneys have had the responsibility of prosecuting misdemeanor violations of state law that occurred within a city's limits. Moreover, under the position taken in those opinions, although the prosecuting attorneys could delegate the original prosecution of such cases to city attorneys with their consent, city attorneys have had no statutory authority to prosecute the appeals of such cases to circuit court. Thus, A.C.A. § 16-21-150 can reasonably be read as an attempt to change that reading of the law. In this regard, it is notable that A.C.A. § 16-21-150 was enacted and went into effect shortly after the most recent reiteration of that position by the Attorney General. Att'y Gen. Op. No. 93-010 was issued on February 10, 1993, and A.C.A. § 16-21-150 was enacted during the regular legislative session of 1993, going into effect on August 13, 1993.
Taking these factors into consideration, I have determined that the intent of the legislature in enacting A.C.A. § 16-21-150 was to change the law. More specifically, it is my opinion that the intent was to relieve prosecuting attorneys of the responsibility of prosecuting appeals to circuit court of misdemeanor violations of state law that occurred within a city's limits. The statute accomplishes this purpose by creating an exception to the provisions of A.C.A. § 16-21-103, which impose an obligation upon prosecuting attorneys to prosecute all state law violations. The practical effect of this change in the law is to impose the responsibility of prosecuting such cases upon city attorneys. This is so because A.C.A. § 16-21-150, as I interpret it, impliedly amends the provisions of A.C.A. § 16-21-115, so as to remove the last phrase. Again, that statute states:
 A prosecuting attorney may designate the duly elected or appointed city attorney of any municipality within the prosecutor's district to prosecute in the name of the state in municipal or other corporation courts violations of state misdemeanor laws, which violations occurred within the limits of the municipality, if the city attorney agrees to the appointment.
A.C.A. § 16-21-150 impliedly amends the foregoing language so as to remove the phrase "if the city attorney agrees to the appointment." The conclusion that A.C.A. § 16-21-115 has been impliedly amended in this way is necessary, because if the statute were not so amended, a gap would be created under which neither the prosecutor nor the city attorney would be responsible for prosecuting the cases addressed therein. Those cases would go unprosecuted. The Arkansas Supreme Court has held that in interpreting statutory language, it is appropriate to look to the whole act and reconcile its different provisions so as to make them consistent, harmonious and sensible, and to avoid an interpretation that results in an absurdity or injustice, that leads to a contradiction, or that defeats the purpose of the law. Ragland v. Alpha Aviation,285 Ark. 182, 686 S.W.2d 391, supplemented, reh. denied, 285 Ark. 182,688 S.W.2d 301 (1985). The provisions of A.C.A. §§ 16-21-103 and 115 both indicate that the legislature intended that state law violations that occur within a city's limits be prosecuted. Therefore, a statutory interpretation that would allow them to go unprosecuted, in my opinion, would be one that is less than sensible and just, and that, in effect, would defeat the legislative intent. I therefore conclude that, in order to assure that some cases do not go unprosecuted, the provisions of A.C.A. § 16-21-150
must be read impliedly to amend the provisions of A.C.A. § 16-21-115 so as to remove the city attorneys' ability to refuse to prosecute violations of state law that occur within the city's limits.
Question 2 — What is the city attorney's obligation to appear andprosecute in juvenile court?
The statutes do not specifically address this question. However, in accordance with my response to Question 1, it is my opinion that because of the enactment of A.C.A. § 16-21-150, the city attorney is obligated to appear and prosecute in juvenile court if the violation under consideration, whether a violation of a city ordinance or a misdemeanor violation of state law, occurred within the city's limits (assuming that the prosecuting attorney has not "consented" to prosecute the case under A.C.A. § 16-21-150). This conclusion is bolstered by the fact that the juvenile code defines "prosecuting attorney" (i.e., the attorney who appears and "prosecutes" in juvenile court) to include city attorneys.See A.C.A. § 9-27-303(29).
By the same token, the prosecuting attorney must appear and prosecute in juvenile court if the violation under consideration is a violation of state law or county ordinance that did not occur within a city's limits, or is a non-misdemeanor violation of state law that occurred within the city's limits. The reasoning supporting this conclusion is the same as that set forth in the discussion responding to Question 1.
Question 3 — Do city attorneys have an obligation to appear and prosecuteviolations of state misdemeanor laws?
In accordance with my response to Question 1, it is my opinion that city attorneys have an obligation to appear and prosecute violations of state misdemeanor laws if the violation in question occurred within the city's limits. The reasoning supporting this conclusion is the same as that set forth in the discussion responding to Question 1.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh